Argued December 20, 1974, affirmed in part; reversed
in part January 14, 1975

## OPPERMAN, *Petitioner, v.* THE DIVISION OF STATE LANDS, *Respondent.*

### 530 P2d 526

*Nickolas Nylander,* North Bend, argued the cause for petitioner. With him on the briefs were Flaxel, Todd & Flaxel, North Bend.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Petitioner applied for the renewal of a removal

permit which involved a removal and fill alteration of Joe Ney Slough, a tributary of the South Slough of Coos Bay. After the hearing the application was denied. The order of the Director of the Division of State Lands denying the application provided, in addition to the denial, for the following affirmative action by the petitioner:

"\* \* \* \* \*

"3. O. F. Opperman is hereby ordered to remove all existing dredge spoils, except for the berm and roadway, located on the east and west sides of the 'dug' lagoon and any and all spoil material placed behind (south) of the berm and roadway. Applicant is further ordered to install a culvert designed by a registered engineer, in the existing berm and roadway. The culvert shall have sufficient capacity to pass reasonably expected water flows.

"4. The disposal site for materials removed from the waters of Joe Ney Slough under this Order must be approved, in advance, by the Division of State Lands.

"5. All material shall be removed by clamshell dredge."

Petitioner requested judicial review of (1) the order denying his application and also (2) that portion of the order set forth above requiring affirmative action by the petitioner. Tacitly in his brief, and specifically during oral argument, petitioner conceded the authority of the Director to deny his application for a permit. His concern is with the requirement for the mandatory action set forth above. The Director argues that the "Division and the Director have the authority to control the 'removal of material from the beds and banks or filling of the waters of this state,'" ORS 541.610, and that this gives the Director

authority in this case to order the petitioner to remove the fill material and install a culvert, all in accordance with the direction of respondent. We disagree.

It is clear that the Director may impose certain conditions in connection with the issuance of a permit or impose penalties or require replacement of material removed or fill performed if done without a permit or in a manner contrary to the conditions set out in the permit. ORS 541.650, 541.660. This is not such a case. This was an application for a permit and the application was denied. It was inappropriate for the Director of the Division of Lands to attempt to turn this application for a permit into a proceeding which purported to terminate with an order in the nature of a mandatory injunction. That portion of the Director's order containing the following:

"3. O. F. Opperman is hereby ordered to remove all existing dredge spoils, except for the berm and roadway, located on the east and west sides of the 'dug' lagoon and any and all spoil material placed behind (south) of the berm and roadway. Applicant is further ordered to install a culvert designed by a registered engineer, in the existing berm and roadway. The culvert shall have sufficient capacity to pass reasonably expected water flows.

"4. The disposal site for materials removed from the waters of Joe Ney Slough under this Order must be approved, in advance, by the Division of State Lands.

"5. All material shall be removed by clamshell dredge."

is ordered to be deleted from the Director's order.

Affirmed in part; reversed in part.